IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | 8:03CR141 |
| | ) | |
| v. | ) | |
| | ) | |
| LARRY D. CAGE | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's motion and amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Filing Nos. 106 and 108). For the reasons set forth herein, the Court finds that defendant's motions should be denied.

### BACKGROUND

On June 10, 2004, the defendant was convicted by a jury of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e)(1). Following his conviction, the Court ordered that a pre-sentence investigation report be prepared. At the sentencing hearing held on January 7, 2005, the defendant objected, *inter alia*, to that portion of the pre-sentence investigation report ("PSI") recommending an "armed career criminal" enhancement under § 4B1.4 of the United States Sentencing Guidelines ("the Guidelines").[1]  The PSI concluded

---

[1] Section 4B1.4 of the Guidelines provides, in relevant part:

(a)  A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal.

that the "armed career criminal" enhancement should be utilized because the defendant was convicted under 18 U.S.C. § 922(g)[2] and had three prior convictions for a violent felony or serious drug offense.  The three prior convictions relied on for the "armed career criminal" enhancement were:  (1) burglary on or about March 22, 1972; (2) assault with intent to inflict bodily injury on or about March 1, 1976; and (3) assault in the second degree and use of a knife to commit a felony on or about February 18, 1992.  The defendant argued that application of the "armed career criminal" enhancement based on these prior convictions was unconstitutional under *Blakely v. Washington*, 542 U.S. 296 (2004).

After considering the objection and the arguments of counsel, the Court found that the defendant qualified as an

---

(b)   The offense level for an armed career criminal is the greatest of:

   (1)   the offense level applicable from Chapters Two and Three; or

   (2)   the offense level from § 4B1.1 (Career Offender) if applicable; or

   (3)(A) 34, if the defendant used or possessed the firearm or ammunition in connection with either a crime of violence, as defined in § 4B1.2(a), or a controlled substance offense, as defined in § 4B1.2(b), or if the firearm possessed by the defendant was of a type described in 26 U.S.C. 5845(a); or

   (B) 33, otherwise.

[2] 18 U.S.C. § 922(g)(1) renders it "unlawful for any person who has who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

"armed career criminal" under the Guidelines.  The Court further found that defendant's criminal history category of III and adjusted offense level of 33, calculated pursuant to "armed career criminal" provisions in U.S.S.G. § 4B1.4(b)(3)(B), converted into a sentencing range of 188 to 235 months.  The Court sentenced the defendant to 188 months in prison, five years of supervised release, and a $100 special assessment.

The defendant filed a notice of appeal with the Eighth Circuit Court of Appeals on January 17, 2005.  Defendant asserted two alleged errors on appeal: (1) that the district court erred in refusing to instruct the jury on the affirmative defense of justification; and (2) that had the justification instruction been given, the evidence would have been insufficient to convict him.  On September 20, 2005, the Eighth Circuit filed an opinion affirming the defendant's conviction, finding that the district court properly refused to give a justification instruction.  The circuit also found that a reasonable jury, based on the evidence introduced at trial, could have found all the elements of the offense beyond a reasonable doubt.

On July 21, 2006, the defendant timely filed a petition seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  The defendant filed an amended petition on August 21, 2006.  In the July 21, 2006, petition, the defendant asserts that his sentence should be vacated on two grounds.  First, the

-3-

defendant argues that the district court erred in predicating the armed career criminal enhancement on his 1972 Nebraska burglary conviction, without first specifically determining whether this burglary conviction qualified as a "generic burglary," *see Taylor v. United States*, 495 U.S. 575, 599 (1990), and thus a "violent felony" under 18 U.S.C. § 924(e)(1).[3]  Defendant argues that his sentence should be vacated so that the district court can evaluate whether the sentencing court properly relied on his 1972 Nebraska burglary conviction in applying the armed career criminal enhancement.  Second, defendant contends that the district court erred in applying the armed career criminal enhancement because insufficient evidence was introduced at trial to establish that the firearm underlying his conviction had been in or affected interstate commerce.  The defendant admits that neither of these errors were raised on direct appeal (Filing No. 106 at 5).

In the amended petition, defendant raises an additional claim of ineffective assistance of counsel (Filing No. 108 at 4). The defendant alleges his defense counsel was ineffective by

---

[3] 18 U.S.C. § 924(e)(1) states:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

failing to argue the defendant was not an armed career offender and failing to challenge the assertion that the firearm underlying his conviction had been in or affected interstate commerce. (*Id*).

## DISCUSSION

I.  **Armed Career Criminal Enhancement**

    A.  **Failure to Raise Alleged Error on Direct Appeal**

"Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (internal citations omitted). Challenges to sentencing enhancements under the Guidelines are among those errors that should be raised on direct appeal. *See Auman v. United States*, 67 F.3d 157, 160-62 (8th Cir. 1995)(holding that defendant's challenge to application of career offender enhancement was not cognizable under § 2255 and should have been raised on direct appeal); *Ray v. United States*, 2005 WL 1901585, at *1 (8th Cir. 2005) (holding that defendant's § 2255 challenge to sentencing enhancement was procedurally defaulted because he failed to raise the issue on direct appeal).

Because the defendant should have challenged the armed career criminal enhancement on direct appeal, he must now show

cause and prejudice or that application of the enhancement was a fundamental defect resulting in a complete miscarriage of justice.  The defendant claims these issues were not raised on direct appeal because "the appellate record had not developed and the issues were not clear to the petitioner. . . ." (Filing No. 106 at 5).  The defendant does not claim ineffective assistance as a reason for failing to raise the alleged errors on direct appeal.[4]  The Court finds that defendant's stated reason for not raising these issues on direct appeal is insufficient to show cause, and for the reasons stated below, defendant fails to demonstrate prejudice or that the enhancement was a fundamental defect.

**B.   Armed Career Criminal Enhancement**

The defendant argues that the district court erred in predicating the armed career criminal enhancement on his 1972 Nebraska burglary conviction.  The defendant claims that it is unclear whether his burglary conviction satisfies the burglary definition set forth in *Taylor v. United States,* 495 U.S. 575, 599 (1990).  Under *Taylor,* in order to qualify as a violent felony for purposes of a § 924(e)(1) enhancement, a burglary conviction must have "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or

---

[4] "[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255."  *Massaro v. United States*, 538 U.S. 500, 509 (2003).

-6-

structure, with intent to commit a crime." 495 U.S. at 599. In *United States v. Einfeldt,* 138 F.3d 373, 378 (8th Cir. 1998), the Eighth Circuit determined it was appropriate for district courts to look to the charging document to determine whether the conviction was for a generic burglary, and thus subject to the armed career criminal enhancement.[5] In *Einfeldt,* the defendant pleaded guilty to Arkansas's former burglary statute, and the statute included activities that fell outside of *Taylor's* generic definition of burglary, such as breaking into railroad cars, automobiles, airplanes, boats, vessels, and water crafts. *Einfeldt,* 138 F.3d at 378 (citing Ark. Crim. Code § 41-1001 (1947)).

In the present case, prior to the defendant's trial, the United States filed an information, indicating that based on the defendant's three prior convictions, he was eligible for an enhancement as an armed career criminal (Filing No. 30). At sentencing, the United States submitted certified copies of the defendant's three prior convictions, including the conviction for

---

[5] Defendant argues that the government cannot rely on a copy of the information, or charging document, associated with the 1972 burglary. Defendant cites to *Shepard v. United States*, 544 U.S. 13 (2005), purportedly in support of his position. However, defendant's reliance on this case is misplaced; *Shepard* specifically held that an enquiry into the nature of a burglary conviction for purposes of the armed career criminal enhancement can include examination of the charging document. 544 U.S. at 26. The Supreme Court determined such enquiry "is limited to the *terms of the charging document*, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." 544 U.S. at 26 (emphasis added).

burglary on or about March 22, 1972, and based on these convictions, the district court determined the defendant was an armed career criminal (Filing No. 91 ("Sentencing Transcript") at 300).[6]  The March 22, 1972, conviction was based on an information charging a violation of Neb. Rev. Stat. § 28-28-532 and charged that defendant:

> willfully, maliciously, and forcibly and with the intent to steal property of value located in the dwelling hereinafter described, break and enter into said dwelling located at 3706 Wirt St., in the City of Omaha, in said county and state, which dwelling, is occupied by Donald Lee Johnson.

(District Court of Douglas County, Nebraska, Case No. 83-408).  The information demonstrates that the defendant was charged and convicted of a burglary that constitutes a "generic burglary" under *Taylor*, and therefore, the District Court did not err in predicating the armed career criminal enhancement on defendant's 1972 Nebraska burglary conviction.

C.   **Interstate Commerce**

The defendant contends that the district court erred in applying the armed career criminal enhancement because insufficient evidence was introduced at trial to establish that

---

[6] "[T]he fact of a prior conviction need not be submitted to a jury or proved beyond a reasonable doubt."  *United States v. Marcussen*, 403 F.3d 982, 984 (8th Cir. 2005).  Once a sentencing court determines a prior conviction exists, whether the crime qualifies as a violent felony for purposes of the armed career criminal enhancement is a legal question of law for the court.  (*Id.*).

-8-

the firearm underlying his conviction had been in or affected interstate commerce.  To establish a violation of 18 U.S.C. § 922(g)(1), the United States must prove: (1) defendant had previously been convicted of a crime that was punishable by a term of imprisonment exceeding on year; (2) the defendant knowingly possessed a firearm; and (3) the firearm has been in or has affected interstate commerce.  *United States v. Horsman*, 114 F.3d 822, 824 (8th Cir. 1997).  To prove the third element, it is sufficient for the government to show that the firearm was manufactured outside the state of possession.  *United States v. Cox*, 942 F.2d 1282 (8th Cir. 1991).

The defendant stipulated pursuant to *Old Chief v. United States,* 519 U.S. 172 (1997), that he had a previous felony conviction (Filing Nos. 89-90 (collectively, "Transcript") at 3).  The defendant also stipulated that the firearm at issue was manufactured outside of Nebraska and was, therefore, transported across state lines.  (*Id.*).  The jury was instructed to treat these stipulated facts as having been proved, and the jury found the defendant guilty of the § 922(g)(1) charge (Filing No. 58 at 12-13).  In addition, on appeal, the Eighth Circuit affirmed the district court and concluded that there was sufficient evidence for a reasonable jury to find all of the elements of a § 922(g) offense beyond a reasonable doubt.  *United States v. Cage*, No. 05-1304, 149 Fed. Appx. 545 (8th Cir. 2005).  The Court finds the

defendant's argument that there was insufficient evidence as to the interstate commerce element of § 922(g)(1) is without merit.

The Court finds that defendant has failed to show cause for not raising the armed career criminal enhancement issues on direct appeal and failed to demonstrate prejudice or that application of the enhancement was a fundamental defect resulting in a complete miscarriage of justice. Therefore, the defendant is not entitled to § 2255 relief. Even if the defendant had made the necessary showings to overcome his failure to raise these issues on direct appeal, the Court would nevertheless deny relief because the defendant's claims are without merit.

## II. Ineffective Assistance of Counsel

The defendant also seeks relief under 28 U.S.C. § 2255, claiming ineffective assistance of counsel. "[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). The defendant claims his counsel, Donald Schense, failed to: (1) argue at trial that the defendant was not an armed career offender and (2) challenge at trial the assertion that the firearm underlying defendant's conviction had been in or affected interstate commerce.

The United States Supreme Court has long recognized that the Sixth Amendment right to counsel is necessary to protect

-10-

the fundamental right to a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 684 (1984).  This right to counsel is "the right to effective assistance of counsel."  *Strickland*, 466 U.S. at 686 (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970)).  An ineffective assistance of counsel claim has two components: (1) the defendant must show that counsel's performance was deficient; and (2) the defendant must show that the deficient performance prejudiced the defense.  *Id.* at 687.

The Court finds defendant fails to demonstrate prejudice.  To demonstrate prejudice, a defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Strickland*, 466 U.S. at 687.  The Supreme Court has stated that "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."  *Id.* at 693.  Rather, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  The Court must ask whether a reasonable probability exists that absent the errors, the factfinder would have a reasonable doubt respecting guilt, based upon the totality of the evidence before the jury.  *Id.* at 695.

First, the Court has found that defendant's March 22, 1972, burglary conviction constitutes a generic burglary under *Taylor* and therefore a violent felony for purposes of the armed career criminal enhancement.  Even if defendant were able to demonstrate defense counsel's performance was deficient in not challenging the inclusion of the burglary conviction, the defendant cannot establish he was prejudiced because the district court properly included the defendant's burglary conviction for sentencing purposes.  Second, the defendant stipulated that the relevant firearm had been manufactured outside of Nebraska and transported into the state; therefore, defense counsel would not be expected to challenge this element at trial.  The decision to enter into a stipulation is a strategical decision.  "Reasonable trial strategy does not constitute ineffective assistance of counsel simply because it is not successful."  *James v. Iowa,* 100 F.3d 586, 590 (8th Cir. 1996).  Furthermore, the defendant fails to demonstrate that had this stipulation not been entered into, the government would have been unable to prove the interstate commerce element.  Because the defendant has failed to demonstrate prejudice, the Court finds defendant's claims of ineffective assistance of counsel must fail.  *See United States v. Apfel,* 97 F.3d 1074, 1076 (8th Cir. 1996) (holding failure to demonstrate prejudice may be dispositive of an ineffective

assistance of counsel claim, and where there is such a failure, the Court need not address the deficient performance prong).

## CONCLUSION

For the foregoing reasons, the defendant's § 2255 motion will be denied.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 17th day of October, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court